N/S 840

FILED

98 DEC 29 PM 3:04

CLK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICROSOFT CORPORATION,**
**a Washington corporation,**

**Plaintiff,**

**Case No.** 98-2667-CIV-T-17F

**v.**

**MB's COMPUTER WAREHOUSE, INC.,**
**a Florida corporation,**

**Defendant.**

______________________________/

**COMPLAINT**

Plaintiff Microsoft Corporation ("Microsoft") brings this action against the Defendant for injunctive relief and damages under the laws of the United States and the State of Florida, as follows:

**Subject Matter Jurisdiction and Venue**

**Jurisdiction**

1. This Court has subject matter jurisdiction over the claims in this action which relate to trademark and copyright infringement pursuant to the provisions of 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of Florida pursuant to 28 U.S.C.

63671
150.00

§ 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**Venue**

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The counterfeit and infringing products which are the subject of this litigation were distributed and offered for distribution in the Middle District of Florida; the claims alleged in this action arose in the Middle District of Florida; and the Defendant may be found and served in the Middle District of Florida.

**Parties and Personal Jurisdiction**

4. Microsoft, a Washington corporation with its principal place of business in Redmond, Washington, is a developer and manufacturer of software for computers, and is doing substantial business in the Middle District of Florida.

5. Microsoft is informed and believes, and on that basis alleges, that Defendant MB's Computer Warehouse, Inc. is a Florida corporation doing business in the Middle District of Florida at 4899 D West Walters Ave., Tampa, Hillsborough County, Florida, 33634.

6. The Defendant is located and/or transacts business in the Middle District of Florida and the acts of infringement and other wrongful acts alleged in this Complaint arose in the Middle District of Florida.

**Facts Common to all Claims for Relief**

7. Microsoft is in the business of developing and marketing computer software programs recorded on magnetic diskettes and/or CD-ROMs for use on computers. Microsoft

packages and distributes its software together with associated user's guides, user's manuals, and other documentation.

8. Microsoft has developed, marketed, distributed, and licensed a number of software products for personal computers known as operating systems, including, but not limited to, Microsoft MS-DOS Version 6.0 ("MS-DOS 6.0"), Microsoft MS-DOS Version 6.2 ("MS-DOS 6.2"), Microsoft MS-DOS Version 6.21 ("MS-DOS 6.21"), Microsoft MS-DOS Version 6.22 ("MS-DOS-6.22"), Microsoft Windows 3.1 ("Windows 3.1"), Microsoft Windows for Workgroups 3.11 ("WFW 3.11"), Microsoft Windows 95 ("Windows 95") and Microsoft Windows NT Workstation ("Windows NT"). These operating systems perform operations including, but not limited to, allocating computer memory, scheduling the execution of applications software, and managing the flow of information and communication among the various components of a personal computer or personal computer network. (Microsoft's MS-DOS software programs, diskettes and/or CD-ROMs, accompanying copyrighted user's guides and user's manuals, warranty cards, certificates of authenticity, end user license agreements, and packaging materials are referred to in this Complaint as the "MS-DOS Software Products." Microsoft's Windows software programs, diskettes and/or CD-ROMs, accompanying copyrighted user's guides and user's manuals, warranty cards, certificates of authenticity, end user license agreements, and packaging materials are referred to in this Complaint as the "Windows Software Products.")

9. Microsoft has also developed a computer program known as Microsoft Encarta 96 ("Encarta"). Encarta 96 is a general reference multimedia encyclopedia stored on a compact disc which allows the user to search and access data and information stored in written text, video, graphic images and audio. (Microsoft's Encarta software programs, diskettes and/or CD-ROMs,

accompanying copyrighted user's guides and user's manuals, warranty cards, certificates of authenticity, end user license agreements, and packaging materials are referred to in this Complaint as "Encarta Software Products.")

10. Microsoft has also developed a computer program known as Microsoft Office 97 (Professional Edition) ("Office Pro 97"). Office Pro 97 is a compilation of popular Microsoft software programs, including: Microsoft Access 97, a computer program that allows users to create and manipulate databases and to store data; Microsoft Bookshelf 1996-97, a computer program that allows users to access nine completely updated reference works, including Microsoft Bookshelf Internet Directory 96 and The Concise Columbia Encyclopedia, Third Edition; Microsoft Excel 97, a computer program that allows users to create spreadsheets, perform calculations, and store numerical data; Microsoft Outlook 97, a computer program that allows users and networked teams to create and manage calendars, tasks, and contacts; Microsoft PowerPoint 97, a computer program that allows users to create, organize, and present overhead and slide presentations; and Microsoft Word 97, a computer program that allows users to create and edit reports and documents. (Microsoft's Office Pro 97 software program (including each of its component software programs), diskettes and/or CD-ROMs, accompanying copyrighted user's guide and user's instruction manual, certificate of authenticity, end user license agreements, warranty cards, and packaging materials are collectively referred to in this Complaint as the "Microsoft Office Pro 97 Software Products." MS-DOS Software Products, Windows 95 Software Products, and Microsoft Office Pro 97 Software Products are collectively referred to as "Microsoft Software Products.")

11. Microsoft Software Products are often used in conjunction with a peripheral device known as a "mouse." A mouse is a pointing device, external to a personal computer, that enables a personal computer user to move the cursor of the computer to any point on the computer's monitor. A mouse is used in conjunction with Windows Software Products by allowing the user to move the cursor of the computer to any icon which is displayed on the monitor, and thereafter allowing the user to execute the program or command represented by that icon by pressing a button on the mouse. Microsoft has marketed several versions of mice, including but not limited to Microsoft Serial Mouse Version 2.0. (Microsoft Mice are referred to in this Complaint as "Microsoft Hardware Products.")

12. The copyrights in MS-DOS 6.0 (and its upgraded version MS-DOS 6.2) Software Products, including user's reference manuals and user's guide and screen displays, were registered with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. §101, et. seq.) and the Copyright Office Regulations. True and correct copies of the MS-DOS 6.0; MS-DOS 6.2 Upgrade; and MS-DOS 6.2 Step-Up Registration Certificates, which bear Registration Nos. TX 3 546 169; TX 3637 064; and TX 3 776 782, are attached as Exhibit "1" and incorporated by this reference.

13. The copyright in Microsoft's MS-DOS 6.22, including user's reference manuals, user's guides, and screen displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. § 101, et seq.) and the Copyright Office Regulations. A true and correct copy of the MS-DOS 6.22 Registration Certificate which bears Registration No. TX 3 745 570, is attached hereto as Exhibit "2" and is incorporated by this reference.

14. The copyrights in Microsoft's Windows 3.1, Microsoft's WFW 3.11 including user's reference manuals, user's guides, and screen displays, were registered with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. § 101, et seq.) and the Copyright Office Regulations. True and correct copies of the Windows 3.1 and WFW 3.11 Registration Certificates which bear Registration Nos. TX 3 307 091, and TX 3 812 488, respectively, are attached hereto as Exhibits "3" and "4" and are incorporated by this reference.

15. The copyright in Microsoft's Windows 95, including user's reference manuals, user's guides, and screen displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. § 101, et seq.) and the Copyright Office Regulations. A true and correct copy of the Windows 95 Registration Certificate, which bears Registration No. TXu 649-511, is attached hereto as Exhibit "5" and is incorporated by this reference.

16. The copyright in Microsoft's Office Pro 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Office Pro 97 Registration Certificate, which bears Registration No. TX 4-395-984, is attached to this Complaint as Exhibit "6" and is incorporated by this reference.

17. The copyright in Microsoft Access 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright

Office regulations. A true and correct copy of the Microsoft Access 97 Registration Certificate, which bears Registration No. TX 4-395-639, is attached to this Complaint as Exhibit "7" and is incorporated by this reference.

18. The copyright in Microsoft Bookshelf 1996-97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Microsoft Bookshelf 1996-97 Registration Certificate, which bears Registration No. TX 4-216-705, is attached to this Complaint as Exhibit "8" and is incorporated by this reference.

19. The copyright in Microsoft Excel 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Microsoft Excel 97 Registration Certificate, which bears Registration No. TX 4-395-640, is attached to this Complaint as Exhibit "9" and is incorporated by this reference.

20. The copyright in Microsoft Outlook 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Microsoft Outlook 97 Registration Certificate, which bears Registration No. TX 4-395-686, is attached to this Complaint as Exhibit "10" and is incorporated by this reference.

21. The copyright in Microsoft PowerPoint 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Microsoft PowerPoint 97 Registration Certificate, which bears Registration No. TX 4-395-685, is attached to this Complaint as Exhibit "11" and is incorporated by this reference.

22. The copyright in Microsoft Word 97, including User's Reference Manuals, User's Guides, and Screen Displays, was registered with the United States Copyright Office in compliance with the Copyright Revision Action of 1976 (17 U.S.C. § 101, et seq.) and Copyright Office regulations. A true and correct copy of the Microsoft Word 97 Registration Certificate, which bears Registration No. TX 4-395-687, is attached to this Complaint as Exhibit "12" and is incorporated by this reference.

23. Microsoft has also caused certain trademarks to be registered in the United States Patent and Trademark Office on the Principal Register. These registrations are valid and subsisting and include:

(a) Trademark Registration No. 1,314,584 issued January 15, 1985 ("MS-DOS") for computer documentation;

(b) Trademark Registration No. 1,315,570 issued January 22, 1985 ("MS-DOS") for computer programs prerecorded on tapes, disks, diskettes, cartridges and cassettes, and computer programs, programmer's references and user's guide manuals sold as a unit;

(c) Trademark Registration No. 1,256,083 issued November 1, 1983 ("MICROSOFT") for computer hardware and software manuals, newsletters and computer documentation;

(d) Trademark Registration No. 1,872,264 issued January 10, 1995 ("WINDOWS") for computer programs and manuals sold as a unit;

(e) Trademark and Service Mark Registration No. 1,200,236 issued July 6, 1982 ("MICROSOFT") for computer programs and computer programming services;

(f) Trademark Registration No. 1,816,354 issued January 11, 1994 (WINDOWS FLAG LOGO) for computers, computer peripherals, and computer programs and manuals sold as a unit;

(g) Trademark Registration No. 1,815,350 issued January 4, 1994 (COLORED WINDOWS LOGO) for computers, computer peripherals, and computer programs and manuals sold as a unit; and

(h) Trademark Registration No. 1,955,219 issued February 6, 1996 ("WINDOWS NT") for computer programs, namely operating system programs including an operating environment and instructional manuals sold as a unit.

True and correct copies of these Registrations are attached to this Complaint as Exhibits "13," "14," "15," "16," "17," "18," "19," and "20," respectively, and are incorporated by this reference.

24. Microsoft licenses certain computer manufacturers to replicate and/or distribute MS-DOS and Windows Software Products in conjunction with the sale of the computers which they manufacture. Such licensees are prohibited from marketing and distributing MS-DOS and

Windows Software Products separately from the computer hardware they manufacture and sell. In addition, Microsoft licenses select wholesale distributors to distribute Microsoft's MS-DOS and Windows Software Products without accompanying computers to computer manufacturers also known as original equipment manufacturers ("OEMs"). OEMs who purcahse MS-DOS and original equipment manufacturer ("OEM") Windows Software Products from these licensed distributors do so under the condition they will only market and distribute those sofware products in conjunction with or "bundled" with appropriate accompanying computer hardware.

**The Defendant's Unlawful Conduct**

25. Microsoft is informed and believes, and on that basis alleges, that the Defendant is involved in marketing, distribution, advertising, and/or offering for sale of counterfeit, unlicensed and infringing copies of Microsoft Software Products to unidentified persons or entities.

26. Defendant MB's Computer Warehouse is not authorized to distribute counterfeit or unauthorized, standalone copies of OEM Microsoft Software Products or to duplicate the written material packaging of Microsoft Software Products.

27. Microsoft has obtained samples of purported OEM Microsoft Windows 95 and OEM Mouse 2.0A from the Defendant, has analyzed them, and has ascertained that the purported Microsoft Software Products are counterfeit and infringing.

28. Microsoft is informed and believes that the Defendant has sold and is selling counterfeit and infringing Microsoft Software Products to customers, knowing that the products sold are counterfeit.

29. Microsoft is informed and believes that the Defendant possesses counterfeit and infringing copies of Microsoft Software Products.

## First Claim

**Copyright Infringement — 17 U.S.C. § 502, et seq.**

30. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

31. Since the creation of MS DOS, Windows 95 and Windows NT, Microsoft has been, and still is, the sole owner of or otherwise licenses all right, title, and interest in and to the corresponding copyrights and Certificates of Registration.

32. Microsoft is informed and believes, and on that basis alleges, that the Defendant has infringed the copyrights in Microsoft's products, including but not limited to its MS DOS, Windows 95 and Windows NT software products by distributing, marketing, offering for sale and/or advertising unauthorized copies of those products without the authority of Microsoft in the United States of America and abroad.

33. By reason of its wrongful conduct, the Defendant is guilty of copyright infringement. 17 U.S.C. § 501. Microsoft has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained, but which will be alleged by amendment at such time as it is precisely ascertained. In addition, Microsoft is entitled to receive the profits made by the Defendant from its wrongful acts, pursuant to 17 U.S.C. § 504.

34. Microsoft has no adequate remedy at law for the Defendant's wrongful conduct in that (i) Microsoft's copyrights are unique and valuable property which have no readily

determinable market value; (ii) the infringement by the Defendant constitutes an interference with Microsoft's goodwill and customer relationships; and (iii) the Defendant's wrongful conduct, and the damages resulting to Microsoft therefrom, is continuing. The Defendant's acts of copyright infringement have caused Microsoft irreparable injury and the Defendant threatens to continue to commit these acts. Accordingly, Microsoft is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 that the infringing Microsoft Software Products be impounded and destroyed.

35. Microsoft is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**<u>Second Claim</u>**

**Federal Trademark Infringement -- 15 U.S.C. § 1114 <u>et</u> <u>seq</u>.**

36. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

37. Microsoft has marketed, advertised, and promoted its products under its trademarks and logos, and as a result of this marketing, advertising, and promotion, these products and the Microsoft trademarks have come to mean and are understood to signify the products of Microsoft, and are the means by which those products are distinguished from the products of others in the same and in related fields.

38. Because of the long, continuous, and exclusive use of the trademarks described in this Complaint, Microsoft's registered trademarks have acquired a secondary meaning associated by purchasers and the public with Microsoft's products.

39. The Defendant's activities constitute use in Florida and in interstate commerce of a reproduction, counterfeit, copy, and/or colorable imitation of Microsoft's trademarks. Such activities are likely to cause confusion, mistake, or deception as to the source, origin, or approval of the products.

40. Further, the activities of the Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that the products distributed, solicited for distribution, advertised, and marketed by the Defendant originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public. The Defendant's activities constitute willful and deliberate infringement of Microsoft's federally registered trademarks in violation of the Lanham Trademark Act including, but not limited to, 15 U.S.C. § 1114(1).

41. As a result of the foregoing, Microsoft has been damaged in an amount which is not precisely ascertainable, but which will be alleged by amendment at such time as it is precisely ascertained. In addition, Microsoft is entitled to treble damages pursuant to 15 U.S.C. § 1117(b). In the alternative, Microsoft is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c)(2).

42. The activities of the Defendant have caused and will cause irreparable harm to Microsoft for which Microsoft has no adequate remedy at law in that (i) if the Defendant's wrongful conduct continues, consumers are likely to become further confused as to the source of Microsoft Software Products and Microsoft Hardware Products; (ii) Microsoft's trademarks are unique and valuable property which have no readily determinable market value; (iii) the infringement by the Defendant constitutes an interference with Microsoft's goodwill and customer relationships; and (iv) the Defendant's wrongful conduct, and the damages resulting to Microsoft, is continuing. Accordingly, Microsoft is entitled to preliminary and permanent injunctive relief

pursuant to 15 U.S.C. § 1116(a), and to an order under 15 U.S.C. § 1116 subsections (a) and (d)(l)(A), and 28 U.S.C. Section 1651 impounding all copies of counterfeit and infringing Microsoft Software Products and all counterfeit and infringing Microsoft Hardware Products.

43. Microsoft is informed and believes, and on that basis alleges, that the Defendant has committed the acts alleged above with previous knowledge of Microsoft's prior use and superior rights to the trademarks, and with previous knowledge of the reputation of Microsoft's trademarks in interstate commerce. Further, the Defendant's actions were for the willful and calculated purpose of trading upon Microsoft's goodwill and for the willful and calculated purpose of selling its infringing products based upon the goodwill of Microsoft's trademarks and business reputation, so as to mislead and deceive purchasers and the public. The Defendant's actions are likely to cause confusion and mistake among purchasers and the public as to the origin or association of its infringing products, all to the Defendant's gain and Microsoft's damage.

44. Microsoft is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## Third Claim

### False Designation Of Origin, False Description And Representation Of Microsoft Packaging — 15 U.S.C. § 1125 et seq.

45. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

46. Microsoft has designed distinctive and aesthetically pleasing displays, logos, icons (graphic images), and packaging for the Microsoft Software Products and the Microsoft Hardware Products. These displays, logos, icons, and packaging are easily recognized by the public and

are understood to mean that the products connected with them originate with Microsoft and are genuine Microsoft Software Products and Microsoft Hardware Products.

47. The Defendant's activities of marketing, advertising, distributing, and/or offering for sale displays, logos, icons, and packaging that are virtually indistinguishable from the Microsoft Software Product and/or Microsoft Hardware Product displays, logos, icons, and packaging constitute false designation of origin, false description, and false representation that the Defendant's products originate from or are sponsored, approved, or authorized by Microsoft. Thus, the Defendant's activities constitute violations of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

48. As a result of the Defendant's activities of marketing, advertising, distributing, and/or offering for sale Microsoft Software Product and/or Microsoft Hardware Product displays, logos, icons, and packaging, Microsoft has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. Microsoft's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened by the Defendant.

49. By reason of the Defendant's acts of false designation, description, and representation as alleged above, Microsoft has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.

50. The Defendant's acts of false designation, description, and representation as alleged above have caused Microsoft irreparable injury, and the Defendant threatens to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to Microsoft's

irreparable injury. Microsoft's remedy at law is not adequate to compensate it for injuries inflicted and threatened by the Defendant.

## Fourth Claim

## Unfair Competition

51. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

52. The acts and conduct of the Defendant alleged in this Complaint (i) constitute an unfair competition at common law and (ii) constitute an infringement of Microsoft's common law rights in its trademarks and improper and unfair competition with Microsoft.

53. The Defendant's conduct as alleged above has damaged and will continue to damage Microsoft's goodwill and reputation and has resulted in a loss of profits to Microsoft in an amount which is unknown at the present time.

## Fifth Claim

## For Imposition of a Constructive Trust Upon the Illegal Profits of The Defendant

54. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

55. By reason of the acts and conduct set forth herein, the Defendant has engaged and is engaged in deceptive, fraudulent and wrongful conduct in the nature of passing off its software products as genuine Microsoft Software Products in commerce. Microsoft believes that the Defendant maintains the illegal profits from its actions, all of which belong to Microsoft.

56. By virtue of its wrongful acts, the Defendant holds illegal profits as constructive trustee for the benefit of Microsoft.

57. Microsoft is not presently aware where the Defendant may have deposited all of its illegal profits from its wrongful acts against Microsoft and the public. Microsoft believes that the Defendant's illegal profits, whether in the form of bank accounts or in the form of real or personal property, will eventually be traced. Microsoft therefore believes that Defendant holds such illegal profits as constructive trustee for the benefit of Microsoft.

## Sixth Claim

## Accounting

58. Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 29, inclusive.

59. Microsoft is entitled pursuant to 15 U.S.C. § 504 to recover any profits of the Defendant that are attributable to its acts of infringement.

60. Microsoft is entitled pursuant to 15 U.S.C. § 1117(a) to actual damages and pursuant to 17 U.S.C. § 504 to actual or statutory damages sustained by virtue of the Defendant's acts of infringement.

61. The amount of money due from the Defendant to Microsoft is unknown to Microsoft and cannot be ascertained without an accounting of the number of units of counterfeit, infringing and fraudulently obtained Microsoft Software Products acquired and distributed by the Defendant.

## Prayer

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1) That the Court enter a judgment against the Defendant that it has:

(a) infringed the rights of Microsoft in its federally registered copyrights under 17 U.S.C. § 501;

(b) infringed the rights of Microsoft in its federally registered trademarks and service marks under 15 U.S.C. § 1114;

(c) committed and is committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft as defined in 15 U.S.C. § 1125(a).

(d) otherwise injured the business reputation and business of Microsoft by its acts and conduct set forth in this Complaint;

(2) That the Court issue preliminary and permanent injunctions against the Defendant, and that the Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with the Defendant, be enjoined and restrained, during the pendency of this action and permanently, from:

(a) imitating, copying, or making any other unauthorized use of, or engaging in any distribution of products protected by Microsoft's Registered Trademarks, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,314,584 ("MS-DOS");

(2) 1,315,570 ("MS-DOS");

(3) 1,256,083 ("MICROSOFT");

(4) 1,872,264 ("WINDOWS");

(5) 1,200,236 ("MICROSOFT");

(6) 1,816,354 (WINDOWS FLAG LOGO);

(7) 1,815,350 (COLORED WINDOWS LOGO);

(8) 1,955,219 ("WINDOWS NT");

(9) 1,592,783 ("BOOKSHELF"); and

(10) 1,475,795 ("POWERPOINT")

or the software products protected by the following Certificates of Copyright Registration Nos.:

(1) TX 3 745 570 ("MS-DOS 6.22");

(2) TX 3 307 091("Windows 3.1");

(3) TX 3 812 488 ("Windows for Workgroups 3.11");

(4) TXu 649-511 ("Windows 95");

(5) TX 4-395-984 ("Office Pro 97");

(6) TX 4-395-639 ("Access 97");

(7) TX 4-216-705 ("Bookshelf 1996-97")

(8) TX 4-395-640 ("Excel 97");

(9) TX 4-395-686 ("Outlook 97");

(10) TX 4-395-685 ("Powerpoint 97");

(11) TX 4-395-687 ("Word 97"); and

(12) any other works now or hereafter protected by any Microsoft trademark or copyright;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any product or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of

Microsoft's Registered Trademarks, Service Marks or Copyrights, including, but not limited to, the marks and copyrights represented by the Trademark, Service Mark and Copyright Registration Nos. listed in Section (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's Registered Trademarks, Service Marks or Copyrights including, but not limited to, marks and copyrights represented by the Trademark, Service Mark and Copyright Registration Nos. listed in Section (2)(a) above, in connection with the manufacture, assembling, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any product or thing not manufactured by Microsoft;

(d) engaging in any other activity constituting an infringement of Microsoft's trademarks or copyrights or of Microsoft's rights in, or right to use or to exploit said trademarks, or constituting any dilution of Microsoft's name, reputation, or goodwill;

(e) using any false designation of origin or false description which can or is likely to lead the trade or public or individual members thereof, erroneously to believe that any product or thing has been manufactured, assembled, produced, distributed, offered for distribution, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(f) using reproductions, counterfeits, copies, or colorable imitations of Microsoft's copyrighted and trademark protected software and other products in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of spurious merchandise not manufactured or authorized by Microsoft;

(g) using the name, logo, or other variations thereof of Microsoft's copyright and/or trademark protected software and/or hardware products in any of the Defendant's trade or corporate names;

(h) disposing of or destroying any Microsoft Software Products, Microsoft Hardware Products, packaging, user's reference manuals, user's guides, manuals, or overviews which either bear Microsoft's trademarks or trade name or use, incorporate, or adopt Microsoft's copyrighted software or other products, or any copy, simulation, colorable imitation, or counterfeit of Microsoft's copyrighted and/or trademark protected products;

(i) disposing of or destroying any documents or related materials that show, indicate, reference, or otherwise document that the Defendant has marketed, distributed, offered for sale, or advertised counterfeit or infringing software and/or hardware products which either bear Microsoft's trademarks, service marks or trade name or use, or incorporate or adopt Microsoft's copyrighted software or other products, or other simulation, copy, colorable imitation, or counterfeit of Microsoft's copyrighted and/or trademark protected software and/or hardware products;

(j) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service marks or copyrights, or of Microsoft's rights in, or right to use or to exploit said trademarks, service marks or copyrights; and

(k) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

(3) That the Court order the Defendant to file and serve within thirty (30) days a written report under oath detailing the Defendant's compliance with the Court's injunctions pursuant to 15 U.S.C. § 1116(a);

(4) That the Court enter an order of impoundment pursuant to 15 U.S.C. § 1116(a)(d)(1)(A), 17 U.S.C. §§ 503 and 509(a), and 28 U.S.C. § 1651(a) impounding all counterfeit and infringing copies of Microsoft Software Products, Microsoft Hardware Products, and related items, including business records, which are in the Defendant's possession or under its control;

(5) That the Court enter an order declaring that the Defendant holds in trust illegal profits obtained from its distribution of counterfeit and infringing copies of Microsoft's Software Products and/or Hardware Products;

(6) That the Court order the Defendant to account for its distribution and purchase of Microsoft Software Products and/or Hardware Products and its profits derived therefrom;

(7) That the Court order the Defendant to pay Microsoft's general, special, and actual damages and that these amounts be trebled pursuant to 15 U.S.C. § 1117 (b);

(8) That the court order the Defendant to pay statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. §504(c);

(9) That the Court order the Defendant to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(10) That the Court grant to Microsoft such other and additional relief as is just and proper.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Plaintiff
701 Brickell Avenue
P.O. Box 015441
Miami, Florida 33101
(305) 374-8500
Fax: (305) 789-7799

By: Robert K. Levenson
Samuel A. Danon
Fla. Bar No. 892471
Robert K. Levenson
Fla. Bar No. 0089771

MIA4-686782

Due to the physical nature of exhibit, it is not scanned; please see case file.